# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL ACTION NO. 3:23-CV-667

| | |
|---|---|
| JANE DOE<br><br>*Plaintiff,*<br><br>v.<br><br>FARD SULTAN<br><br>*Defendant.* | **ORIGINAL COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff "Jane Doe" files this action for relief under, among other authorities, the Civil Action Relating to Disclosure of Intimate Images Act ("CARDII"), codified at 15 U.S.C. § 6851, asserting claims arising out of Defendant Fard Sultan's unauthorized disclosure of multiple intimate images depicting Plaintiff. In support of her claims, Plaintiff alleges as follows:

## PARTIES

1. Plaintiff Jane Doe is over the age of 18 and resides in Mecklenburg County, North Carolina. Plaintiff is seeking to proceed under a pseudonym as permitted by CARDII, to protect her identity from public disclosure and to avoid further embarrassment, insult, and injury.

2. Defendant Fard Sultan is a resident of Gaston County, North Carolina and may be served with process at his residence there or wherever he may be found.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff brings claims under federal law, namely 15 U.S.C. § 6851.

4. The Court has jurisdiction over Sultan, and venue here is proper under 28 U.S.C. § 1391(b), because Sultan is subject to personal jurisdiction in this district and because a

substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Mecklenburg and Gaston Counties, both within this district.

## STATEMENT OF PERTINENT FACTS

5. Between January 2023 and June 2023, Plaintiff and Sultan dated and were intimate.

6. Part of their intimacy included Plaintiff's sending visual depictions to Sultan, mainly photographs, that depicted Plaintiff's body, including her fully nude or topless body.

7. At times, Plaintiff's and Sultan's intimacy extended to sexual conduct, including sexual intercourse.

8. Toward the end of June 2023, Plaintiff decided to end her relationship with Sultan.

9. Sensing her imminent departure, Sultan began lashing out at Plaintiff through unauthorized use and disclosure of intimate visual depictions of Plaintiff.

10. For example, Sultan posted a video of Plaintiff and Sultan engaging in sexual intercourse on the public Facebook page of a non-profit organization of which Plaintiff is a member, and which is available to its members who live in many states.

11. Not only did Plaintiff never consent to such posting, but she never consented to Sultan's creation of the visual material he posted.

12. In fact, Plaintiff had previously discovered Sultan's filming of their intimacy, asked him to destroy all such recordings, and Sultan lied when he said that he had done so.

13. But Sultan distributed intimate visual depictions of Plaintiff through more than just Facebook.

14. About the same time of the Facebook post, Sultan sent an email to Plaintiff's employer attaching—without Plaintiff's consent—intimate visual depictions of Plaintiff.

15. None of the intimate visual depictions that Sultan distributed or otherwise disclosed without Plaintiff's consent were commercial in nature, made in good faith or for a good-faith purpose, related to any matter of public concern, or were reasonably intended to assist Plaintiff.

16. Quite the contrary, Sultan's purpose in disclosing these images was to harm Plaintiff.

17. Sultan's unauthorized creation, disclosure, and distribution of these intimate visual depictions has caused Plaintiff deep mental anguish, especially since Sultan remains in possession of these intimate visual depictions of Plaintiff's body, which Plaintiff fears Sultan will further distribute or disclose to others.

## CAUSES OF ACTION

### Count I: Violation of 15 U.S.C. § 6851

18. Plaintiff incorporates the allegations of paragraphs 1–17 as though fully set forth here.

19. When Sultan used Facebook and the internet to disclose or distribute intimate visual depictions of Plaintiff, Sultan did so in or affecting interstate commerce, or using a means or facility of interstate or foreign commerce, in violation of 15 U.S.C. § 6851(b)(1)(A).

20. When Sultan disclosed or distributed intimate visual depictions of Plaintiff, he knew, or recklessly disregarded, that Plaintiff never consented to the disclosure or distribution of the depictions, or, in some cases, their creation.

21. As their content confirms, each of the intimate visual depictions Sultan disclosed falls under and is subject to the protections of CARDII.

22. Because Sultan violated Plaintiff's rights, Plaintiff seeks the greater of her actual damages or the statutory and liquidated damages of $150,000 that CARDII provides, as well as the reasonable and necessary attorney's fees and litigation costs that may result from this action.

23. Furthermore, Plaintiff seeks temporary, preliminary, and permanent injunctive relief enjoining Sultan from displaying or disclosing any intimate visual depictions of Plaintiff and requiring him to destroy all such materials from any device Sultan owns or any account or website Sultan controls.

Count II: Violation of N.C. Gen. Stat. § 14-190.5A

24. Plaintiff incorporates the allegations of paragraphs 1–23 as though fully set forth here.

25. Sultan knowingly disclosed an image of Plaintiff within the meaning of Section 14-190.5A with intent to harass, intimidate, demean, humiliate, and cause financial loss to Plaintiff.

26. Plaintiff is identifiable in all of the images as confirmed by those who saw the materials having reached out to Plaintiff to let her know what Sultan had disseminated to them.

27. As their content confirms, each of the images depicts Plaintiff's intimate parts or shows Plaintiff engaged in sexual conduct within the meaning of the statute.

28. Sultan disclosed these images to others without Plaintiff's affirmative consent.

29. Sultan obtained these images without Plaintiff's consent or under circumstances in which Sultan knew or should have known that Plaintiff expected him to keep the images private.

30. Because Sultan violated Plaintiff's rights, Plaintiff seeks actual damages, but not less than liquidated damages to be computed at the higher of one thousand dollars ($1,000) per day for each day of the violation or in the amount of ten thousand dollars, punitive damages, reasonable attorneys' fees, and other litigation costs reasonably incurred.

31. Plaintiff also seeks temporary, preliminary, and permanent injunctive relief enjoining Sultan from displaying or disclosing any intimate visual depictions of Plaintiff and requiring him to destroy all such materials from any device Sultan owns or any account or website Sultan controls.

## Count III: Copyright Infringement

32. Plaintiff incorporates the allegations of paragraphs 1–31 as though fully set forth here.

33. Because Plaintiff created some of the visual depictions at issue, Plaintiff owns the copyrights to all such materials.

34. Sultan violated Plaintiff's exclusive rights in those materials when he copied and distributed those materials without Plaintiff's authorization.

35. Because Sultan violated Plaintiff's rights, Plaintiff seeks all damages resulting from such violations, including actual damages as well as the reasonable and necessary attorney's fees and litigation costs that may result from this action.

36. Furthermore, Plaintiff seeks temporary, preliminary, and permanent injunctive relief enjoining Sultan from displaying or disclosing any materials Plaintiff created and requiring him to destroy all such materials from any device Sultan owns or any account or website Sultan controls.

## Count IV: Invasion of Privacy

37. Plaintiff incorporates all preceding paragraphs as though fully set forth here.

38. When Sultan created visual materials of Plaintiff's body without Plaintiff's consent under circumstances in which Plaintiff had a reasonable expectation of privacy, Sultan unlawfully invaded Plaintiff's privacy and her right to seclusion.

39. Because Sultan violated Plaintiff's rights, Plaintiff seeks all damages resulting from such violations, including actual and punitive or exemplary damages.

40. Furthermore, Plaintiff seeks temporary, preliminary, and permanent injunctive relief enjoining Sultan from displaying or disclosing any intimate visual depictions of Plaintiff and requiring him to destroy all such materials from any device Sultan owns or any account or website Sultan controls.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment ordering relief as follows:

(a) That Plaintiffs have a trial by jury on all issues to the extent provided by law;

(b) The greater of Plaintiff's actual damages resulting from any of Plaintiff's claims or Plaintiff's liquidated damages of $150,000;

(c) An injunction requiring Sultan to (1) refrain from displaying or disclosing any intimate images depicting Plaintiff, (2) permanently delete or otherwise destroy all intimate images of Plaintiff that are subject to Sultan's possession, custody, or control, (3) remove any posts made to the internet depicting or giving access to any intimate images involving Plaintiff, (4) identify the places where or persons to whom Sultan disclosed such images (including names, addresses, and contact information of every such person), and (5) take all reasonably available steps to notify anyone to whom Sultan disclosed such images that such images are subject to the Court's order and protection;

(d) All reasonable and necessary attorney's fees and litigation costs incurred in pursuing a judgment;

(e) That the costs of this action be taxed to Defendant;

(f) Leave to amend the Complaint to conform to the evidence produced at trial; and

(g) Awarding such other relief as this Court may deem just and proper.

Dated: October 18, 2023                    Respectfully submitted,

**/s/ L. Cooper Harrell**
L. Cooper Harrell
N.C. State Bar No. 27875
TURNING POINT LITIGATION
MULLINS DUNCAN HARRELL &
RUSSELL PLLC
300 North Greene Street, Suite 2000
Greensboro, NC 27401
Telephone: 336-645-3320
Facsimile: 336-645-3330
charrell@turningpointlit.com

OF COUNSEL:

Joshua J. Bennett
CARTER ARNETT PLLC
8150 N. Central Expy, Ste. 500
Dallas, TX 75206
Telephone: 214-550-2112

*Attorneys for Plaintiff*