IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL ACTION NO. 3:23-CV-667

JANE DOE

    *Plaintiff*,

v.

FARD SULTAN

    *Defendant*.

**PLAINTIFF'S MOTION FOR *EX PARTE* TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND TO PROCEED UNDER A PSEUDONYM**

Pursuant to the Civil Action Relating to Disclosure of Intimate Images Act ("CARDII"), 15 U.S.C. § 6851, and Rule 65 of the Federal Rules of Civil Procedure, Plaintiff hereby requests that the Court grant an *ex parte* Temporary Restraining Order ("TRO") and issue a preliminary injunction through trial as set forth below. As permitted by CARDII, Plaintiff also requests that the Court permit her to proceed in this matter anonymously under the pseudonym "Jane Doe." In support of this motion, Plaintiff shows the following:

1. Plaintiff was in a committed relationship with defendant Fard Sultan during the first half of 2023. During the course of that relationship, Plaintiff created and sent to Sultan intimate (i.e., nude) images of herself in which Plaintiff was identified but that she never intended for Sultan to distribute to anyone else. (Pl.'s Decl. ¶¶ 6, 17, filed contemporaneously herewith.)

2. Sultan also created videos of Plaintiff and Sultan engaging in intimate acts without Plaintiff's knowledge or consent. (*Id.* ¶¶ 6-8.)

3. As Plaintiff considered ending her relationship with Sultan, she began distancing herself from him; Sultan responded by threatening her, declaring that he was "not someone to be disrespected." (*Id.* ¶¶ 10-11.)

4. On July 8, 2023, Sultan made good on his threats. As Plaintiff prepared to end their relationship, friends started reaching out to Plaintiff and her mother regarding a video they had seen posted to Facebook that showed Plaintiff engaging in sexual acts with Sultan. The video was posted under the name "Te'Andre Brown" and was the same video Sultan had created without Plaintiff's knowledge or consent. This video only could have been posted by, or come from, Sultan since Plaintiff neither posted the video nor had a copy of the video to share with anyone else, and none of her accounts or devices had been "hacked" such that someone else could have obtained it. (*Id.* ¶¶ 3-12, 17.)

5. About the same time as the Facebook post, Plaintiff's employer received an email from someone using the name "Te'Andre Brown" that included the same video and a sexually explicit photograph of Plaintiff. (*Id.* ¶¶ 15-16.)

6. Plaintiff recognized the video based on the descriptions of those who had seen it and because she had never before knowingly participated in an intimate or sexual video. (*Id.* ¶¶ 5, 8.)

7. Plaintiff called Sultan to confront him. He admitted using his phone to create the video posted to Facebook but denied having any role in or knowledge of the Facebook post or the email to Plaintiff's employer. (*Id.* ¶ 18.)

8. Plaintiff needs *ex parte* relief because, based on the specific facts shown in her accompanying declaration, providing notice to Sultan may increase the risk that he will either violate Plaintiff's rights again or destroy evidence on which Plaintiff's claims rest. He has already

shown through his actions that he is not above using the video and intimate images of Plaintiff in retaliation against her.

9. Sultan's denial that he was involved in the Facebook post and email is wholly implausible: only Sultan possessed the video posted to Facebook, and only Sultan received images from Plaintiff that were shared with her employer.

10. Destruction of evidence in cases like this one is a real risk that can be avoided only by granting *ex parte* relief. *See Matter of Vuitton et Fils S.A.*, 606 F.2d 1, 4–5 (2d Cir. 1979) (stating that an *ex parte* TRO is warranted when "it is the sole method of preserving a state of affairs in which the court can provide effective final relief").

11. "A plaintiff seeking a preliminary injunction must establish that [she] is likely to succeed on the merits, that [she] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest." *Air Evac EMS, Inc. v. McVey*, 37 F.4th 89, 102–03 (4th Cir. 2022).

12. Plaintiff is likely to succeed on the merits of her claim under CARDII. Sultan's unauthorized disclosures of the video and photo identified above, and as described in Plaintiff's accompanying declaration, satisfy all elements of CARDII.

13. Proof of the following elements establishes a CARDII violation: (1) the defendant discloses an intimate visual depiction of an individual; (2) the disclosure is made in or affecting interstate commerce or through use of "any means or facility of interstate or foreign commerce"; (3) the disclosure occurred without the depicted individual's consent; and (4) the defendant disclosed the intimate visual depiction knowing the depicted individual had not consented or in reckless disregard for whether the individual consented. 15 U.S.C. § 6851(b)(1)(A).

14. Under CARDII, the transfer of an "intimate visual depiction" qualifies as "disclosure," as does merely making such depictions "accessible." *Id.* § 6851(a). An "intimate visual depiction" is any photo, video, or other visual image, (*see* 18 U.S.C. § 2256(5)), that depicts, in relevant part, (1) the uncovered genitals, pubic area, or post-pubescent female nipple of an identifiable individual; or (2) an identifiable individual engaging in "sexually explicit conduct." 15 U.S.C. § 6851(a). "Sexually explicit conduct" includes a range of sexual activities between individuals, including "graphic sexual intercourse, such as genital-genital, [and] oral-genital," graphic or simulated lascivious masturbation, or "graphic or simulated lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. § 2256(2)(A)–(B) (incorporated by reference in 15 U.S.C. § 6851(a)(6)). Plaintiff's declaration proves that she is likely to make all these showings against Sultan.

15. The disclosures were made via the internet, which satisfies the interstate commerce requirement. Moreover, Plaintiff *never* consented to have the intimate images she sent Sultan disclosed to anyone who was not Sultan, and she never consented to the video's creation, much less its public disclosure. And Sultan disclosed those intimate visual depictions knowing that Plaintiff never consented to their disclosure or in reckless disregard for whether she consented.

16. Plaintiff will suffer irreparable harm without a TRO and an injunction. The abject humiliation and degradation of having her most intimate moments disclosed not only to strangers but to friends and family is the definition of irreparable harm. This is why CARDII expressly provides for TROs and preliminary (and permanent) injunctions as a form of relief for proven violations. 15 U.S.C. § 6851(b)(3)(A)(ii).

17. The equities fall on Plaintiff's side and not Sultan's. Forbidding Sultan from further disclosing these intensely private images maintains Plaintiff's interest in keeping private what was

4

Case 3:23-cv-00667-FDW-DCK   Document 4   Filed 10/18/23   Page 4 of 7

always intended to be private. Sultan, on the other hand, has no legitimate need to disclose any of these images to anyone and therefore will not be burdened by the proposed TRO or injunction.

18. Finally, the injunction is in the public's interest because, put simply, the public has no interest in Plaintiff's intimate images. The public does have an interest in seeing the law enforced.

19. CARDII expressly contemplates that plaintiffs may wish to proceed anonymously and therefore provides the option of bringing claims under a pseudonym. *Id.* § 6851(b)(3)(B). Plaintiff would like to proceed anonymously and therefore requests that the Court permit her to use the pseudonym "Jane Doe" for purposes of this action. Sultan knows Plaintiff's identity and therefore will suffer no harm from her use of a pseudonym before this Court. If the Court would prefer, Plaintiff is happy to file a sealed version of the Complaint that includes her full name.

20. Plaintiff therefore requests that the Court grant this motion, enter a TRO, and then issue a preliminary injunction pending trial.

21. In further support of this motion, Plaintiff submits a declaration and a brief, in accordance with Local Civil Rule 7.1.

WHEREFORE, Plaintiff respectfully requests that the Court grant this motion. Specifically, Plaintiff asks the Court to enter a TRO, followed by a preliminary injunction, to enjoin Sultan (and anyone who is in active concert with him or has participated with him in any violation of CARDII) from (1) disclosing any intimate images depicting Plaintiff, (2) destroying any evidence proving any prior disclosure, and (3) continuing to display or disclose any intimate images of Plaintiff. At the conclusion of this matter, Plaintiff would ask the Court to order Sultan to destroy all material that depicts Plaintiff either nude, partially nude, or engaging in intimate or sexual acts.

This the 18th day of October, 2023.

                **/s/ L. Cooper Harrell**
L. Cooper Harrell
N.C. State Bar No. 27875
TURNING POINT LITIGATION
MULLINS DUNCAN HARRELL &
RUSSELL PLLC
300 North Greene Street, Suite 2000
Greensboro, NC 27401
Telephone: 336-645-3320
Facsimile: 336-645-3330
charrell@turningpointlit.com

OF COUNSEL:

Joshua J. Bennett
CARTER ARNETT PLLC
8150 N. Central Expy, Ste. 500
Dallas, TX 75206
Telephone: 214-550-2112

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document will be served along with the Summons and the Complaint, in accordance with Rule 4 of the Federal Rules of Civil Procedure, upon the following:

>Fard Sultan
>801 S. Main Street, Apt. #220
>Mount Holly, NC 28210

This the 18th day of October, 2023.

>/s/ L. Cooper Harrell
>L. Cooper Harrell