# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:23-cv-00667-FDW-DCK

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **TEMPORARY RESTRAINING ORDER** |
| ) | **and NOTICE OF HEARING** |
| FARD SULTAN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff's Motion for Temporary Restraining Order, Preliminary Injunction, and to Proceed Under a Pseudonym, (Doc. No. 4), as well as the Memorandum, (Doc. No. 6), and Declaration, (Doc. No. 5), in support of the Motion.

As an initial matter, the Court GRANTS that portion of the Motion seeking to proceed under a pseudonym for the reasons stated in the pleadings and pursuant to 15 U.S.C. § 6851(b)(3)(B), which provides, "In ordering relief under subparagraph (A), the court may grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym."

Pursuant to Fed. R. Civ. P. 65(b), the court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Based on the Declaration and Memorandum, which includes reasons why notice to Defendant should not be required and is signed by counsel, (Doc. Nos. 5, 6), Plaintiff's Motion for a Temporary Restraining Order is GRANTED. Specifically, the Court finds as follows:

1

1. "Like a preliminary injunction, a temporary restraining order is 'an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'" Shows v. Curtis, No. 1:20-cv-88-MOC-WCM, 2020 WL 1953621, at *1 (W.D.N.C. Apr. 23, 2020) (quoting Winter v. Nat. Res. Def. Council, 555 U.S. 7, 22 (2008)). Therefore, a party seeking a temporary restraining order must establish: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) the injunction is in the public interest. See Winter, 555 U.S. at 20.

2. Pursuant to the Civil Action Relating to Disclosure of Intimate Images, ("CARDII"), 15 U.S.C. § 6851(b)(1)(A) :

   an individual whose intimate visual depiction is disclosed, in or affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce, without the consent of the individual, where such disclosure was made by a person who knows that, or recklessly disregards whether, the individual has not consented to such disclosure, may bring a civil action against that person in an appropriate district court of the United States for relief as set forth in paragraph (3).

3. Under CARDII, the transfer of an "intimate visual depiction" qualifies as "disclosure," as does merely making such depictions "accessible." Id. § 6851(a). An "intimate visual depiction" is any photo, video, or other visual image, (see 18 U.S.C. § 2256(5)), that depicts, in relevant part, (1) the uncovered genitals, pubic area, or post-pubescent female nipple of an identifiable individual; or (2) an identifiable individual engaging in "sexually explicit conduct." 15 U.S.C. § 6851(a). "Sexually explicit conduct" includes a range of sexual activities between individuals, including "graphic sexual intercourse, such as genital-genital, [and] oral-genital," graphic or simulated lascivious masturbation, or "graphic or simulated lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. § 2256(2)(A)–(B) (incorporated by reference in 15 U.S.C. § 6851(a)(6)). Plaintiff's declaration proves that

she is likely to make all these showings against Sultan.

4. At present, it appears that Plaintiff is likely to succeed on the merits of her claims brought under 15 U.S.C. § 6851. The Act authorizes private action and injunctive relief against those who, using any means of interstate commerce, disclose intimate visual depictions of another with reckless disregard for whether they consented to such disclosure. The current record appears to indicate Defendant did that and is likely to continue. (See Doc. No. 5).

5. Under the current record, Defendant has used the internet to disclose intimate visual depictions of Plaintiff without Plaintiff's consent, as described in the Declaration, which is actionable under 15 U.S.C. § 6851. See McCann v. McCann, No. 2:23CV0028 DAK, 2023 WL 4934115, at *1 (D. Utah Aug. 2, 2023) ("By posting Plaintiff's private intimate images online without Plaintiff's consent, Defendant violated 15 U.S.C. § 6851."); see also Vill. Tavern, Inc. v. Catbird Hosp., LLC, No. 1:21-CV-00228-MR, 2022 WL 3440637, at *3 (W.D.N.C. Aug. 16, 2022) ("use occurred 'in commerce' because the Defendants displayed the mark on the internet, a channel of interstate commerce" (citing Int'l Bancorp, LLC v. Societe des Bains de Mer et du Cercle des Estrangers a Monaco, 329 F.3d 359, 363-64 (4th Cir. 2003) (holding that "commerce" for purposes of the Lanham Act "is coterminous with that commerce that Congress may regulate under the Commerce Clause of the United States Constitution"); United States v. Roof, 10 F.4th 314, 385-87 (4th Cir. 2021) (holding that the defendant's use of the internet, "a channel of interstate commerce," in planning and carrying out his crimes placed his conduct "within the reach of Congress's Commerce Clause authority")).

6. Plaintiff has demonstrated the imminent risk of further nonconsensual disclosures of intimate visual depictions of herself and humiliation from the same. Furthermore, the statute under

3

which Plaintiff seeks relief contemplates the issuance of a temporary restraining order to preserve the status quo: "The court may, in addition to any other relief available at law, order equitable relief, including a temporary restraining order, a preliminary injunction, or a permanent injunction ordering the defendant to cease display or disclosure of the visual depiction." 15 U.S.C. § 6851(b)(3)(A).

7. The balance of harms among the parties weighs in favor of Plaintiff and against Defendant.
8. There is no harm to the public in granting the requested relief.
9. The Court finds that no security is required under Fed. R. Civ. P. 65(b).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for a Temporary Restraining Order (Doc. No. 4) is GRANTED to the extent it seeks a temporary restraining order; GRANTED IN PART that portion of the Motion seeking to proceed under a Pseudonym; and DEFERED IN PART a ruling on the Motion to the extent it seeks preliminary injunctive relief.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 65, Defendant Fard Sultan and all persons in active concert or participation with him are hereby restrained, enjoined, and prohibited from disclosing any intimate images depicting Plaintiff, destroying any evidence proving any prior disclosure, and continuing to display or disclose any intimate images of Plaintiff, or any similar conduct, and also from disclosing Plaintiff's identity to anyone else.

Pursuant to Fed. R. Civ. P. 65(d)(2), this Temporary Restraining Order binds the parties and any other persons in active concert with the parties. This Order is effective immediately and expires at 11:59 p.m. of the fourteenth (14th) calendar day following the date on which this Order is entered, absent further order of the Court.

This Order is entered into without prior notice and without argument by Defendant because

of the nature of the relief requested, the potential harm faced by Plaintiff, and based on the Court's reliance on the certification of Plaintiff's counsel included within Plaintiff's memorandum. The Court also schedules a preliminary injunction hearing herein. Plaintiff shall serve Defendant with a copy of this Order and all other papers that have been filed in this action as soon as possible.

**TAKE NOTICE** that a hearing on the pending Motion for Temporary Restraining Order and Preliminary Injunctive Relief (Doc. No. 4), to the extent it seeks a preliminary injunction, will take place before the undersigned on October 25, 2023, at 10:30 a.m. in Courtroom #5B of the Charles R. Jonas Federal Building, 401 W. Trade Street, Charlotte, North Carolina. Oral arguments will be limited to fifteen (15) minutes per side. Plaintiff is responsible for immediately providing notice of the hearing to Defendant and submitting a filing on the docket to demonstrate notice to Defendant.

**IT IS SO ORDERED.**

Signed: October 19, 2023

_____
Frank D. Whitney
United States District Judge