UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:23-cv-00667-FDW-DCK

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **PRELIMINARY INJUNCTION and** |
| ) | **ORDER** |
| FARD SULTAN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff's Motion for Temporary Restraining Order, Preliminary Injunction, and to Proceed Under a Pseudonym, (Doc. No. 4), as well as the Memorandum, (Doc. No. 6), and Declaration, (Doc. No. 5), in support of the Motion. The Court previously ruled in part on the motion, granting a temporary restraining order, ordering that Plaintiff be allowed to proceed under a pseudonym, and setting a hearing for October 25, 2023, so the parties could be heard on that portion of the Motion seeking a preliminary injunction. Plaintiff, her counsel, and Defendant (appearing pro se) were present and presented argument. The Court indicated at the close of the hearing that it would grant the preliminary injunction, and this Order follows.

Based on the pleadings before the Court, (Doc. Nos. 4, 5, 6), and after hearing the parties' arguments at the hearing, Plaintiff's Motion for a Preliminary Injunction is GRANTED. Specifically, the Court finds as follows:

1. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Winter v.

1

Nat. Res. Def. Council, 555 U.S. 7, 20 (2008)).

2. Pursuant to the Civil Action Relating to Disclosure of Intimate Images, ("CARDII"), 15 U.S.C. § 6851(b)(1)(A):

an individual whose intimate visual depiction is disclosed, in or affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce, without the consent of the individual, where such disclosure was made by a person who knows that, or recklessly disregards whether, the individual has not consented to such disclosure, may bring a civil action against that person in an appropriate district court of the United States for relief as set forth in paragraph (3).

3. Under CARDII, the transfer of an "intimate visual depiction" qualifies as "disclosure," as does merely making such depictions "accessible." Id. § 6851(a). An "intimate visual depiction" is any photo, video, or other visual image, (see 18 U.S.C. § 2256(5)), that depicts, in relevant part, (1) the uncovered genitals, pubic area, or post-pubescent female nipple of an identifiable individual; or (2) an identifiable individual engaging in "sexually explicit conduct." 15 U.S.C. § 6851(a). "Sexually explicit conduct" includes a range of sexual activities between individuals, including "graphic sexual intercourse, such as genital-genital, [and] oral-genital," graphic or simulated lascivious masturbation, or "graphic or simulated lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. § 2256(2)(A)–(B) (incorporated by reference in 15 U.S.C. § 6851(a)(6)). Plaintiff's declaration proves that she is likely to make all these showings against Sultan.

4. At present, it appears that Plaintiff is likely to succeed on the merits of her claims brought under 15 U.S.C. § 6851. The Act authorizes private action and injunctive relief against those who, using any means of interstate commerce, disclose intimate visual depictions of another with reckless disregard for whether they consented to such disclosure. While Defendant disputes the allegations against him, the current record presents sufficient circumstantial evidence that Defendant has violated the Act and may continue absent the issuance of an

injunction. (See Doc. No. 5).

5. Under the current record and notwithstanding the facts disputed by Defendant, Plaintiff is likely to succeed on the merits of showing Defendant has used the internet to disclose intimate visual depictions of Plaintiff without Plaintiff's consent, as described in the Declaration, which is actionable under 15 U.S.C. § 6851. Her evidence tends to show Defendant was the only person who possessed the intimate video posted on Facebook and emailed to her employer, and that only Plaintiff and Defendant possessed the intimate image sent to Plaintiff's employer. See McCann v. McCann, No. 2:23CV0028 DAK, 2023 WL 4934115, at *1 (D. Utah Aug. 2, 2023) ("By posting Plaintiff's private intimate images online without Plaintiff's consent, Defendant violated 15 U.S.C. § 6851."); see also Vill. Tavern, Inc. v. Catbird Hosp., LLC, No. 1:21-CV-00228-MR, 2022 WL 3440637, at *3 (W.D.N.C. Aug. 16, 2022) ("use occurred 'in commerce' because the Defendants displayed the mark on the internet, a channel of interstate commerce" (citing Int'l Bancorp, LLC v. Societe des Bains de Mer et du Cercle des Estrangers a Monaco, 329 F.3d 359, 363-64 (4th Cir. 2003) (holding that "commerce" for purposes of the Lanham Act "is coterminous with that commerce that Congress may regulate under the Commerce Clause of the United States Constitution"); United States v. Roof, 10 F.4th 314, 385-87 (4th Cir. 2021) (holding that the defendant's use of the internet, "a channel of interstate commerce," in planning and carrying out his crimes placed his conduct "within the reach of Congress's Commerce Clause authority")).

6. Plaintiff has demonstrated the imminent risk of further nonconsensual disclosures of intimate visual depictions of herself and humiliation from the same. Furthermore, the statute under which Plaintiff seeks relief contemplates the issuance of a temporary restraining order to preserve the status quo: "The court may, in addition to any other relief available at law, order

equitable relief, including a temporary restraining order, a preliminary injunction, or a permanent injunction ordering the defendant to cease display or disclosure of the visual depiction." 15 U.S.C. § 6851(b)(3)(A).

7. The balance of harms among the parties weighs in favor of Plaintiff and against Defendant.

8. There is no harm to the public in granting the requested relief.

9. The Court finds that no security is required under Fed. R. Civ. P. 65(b).

10. During the hearing, the Court discussed some initial discovery issues with the parties, which are outside the scope of the injunction but are nonetheless memorialized in this Order.[1] During the hearing and following discussion with the Court, Defendant consented to the following: a) Defendant will not destroy or delete any intimate images depicting Plaintiff; and b) Defendant will turn over to Plaintiff's counsel copies of intimate images depicting Plaintiff within 24 hours.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for a Preliminary Injunction is GRANTED.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 65, Defendant Fard Sultan and all persons in active concert or participation with him are hereby RESTRAINED, ENJOINED, and PROHIBITED from disclosing any intimate images depicting Plaintiff, destroying any evidence proving any prior disclosure, and continuing to display or disclose

---

[1] Because Defendant appeared *pro se* in this matter, the Court conducted a cursory discussion of discovery of evidence in this case as it related to intimate images that are the subject of this Injunction and this litigation. The Court anticipates additional discovery is likely, and the Court anticipates the parties will seek an appropriate protective order concerning the images and other materials.

any intimate images of Plaintiff,[2] or any similar conduct, and also from disclosing Plaintiff's identity to anyone else.

Pursuant to Fed. R. Civ. P. 65(d)(2), this Preliminary Injunction binds the parties and any other persons in active concert with the parties. This Order is effective immediately and continues through trial in this case or until further order of the Court.

**IT IS SO ORDERED.**

Signed: October 25, 2023

Frank D. Whitney
United States District Judge

---

[2] During the hearing, the Court also instructed Defendant, that while he disputes the allegations against him, if he had made additional disclosures beyond the two instances identified in Plaintiff's declaration, he must take down or remove any disclosures of intimate images depicting Plaintiff.