**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

**DOCKET NO. 3:23-cv-00667**

**Jane Doe, Plaintiff v. Fard Sultan, Defendant**

## <u>CERTIFICATION AND REPORT OF F.R.C.P 26(f) CONFERENCE AND PROPOSED DISCOVERY PLAN</u>

1. <u>Certification of Conference.</u> Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on **12/21/23** between:

   L. Cooper Harrell, on behalf of Plaintiff and Fard Sultan, *pro se* Defendant. Mr. Harrell and Mr. Sultan met via telephone on 12/21/23, and followed up multiple times via email, as recently as January 3, 2024, to finalize the details of this report. The parties' deadline to submit this report was tolled while Mr. Sultan considered his position on the voluntary settlement assistance program.

2. <u>Pre-Discovery Disclosures.</u>

   ☑ The information required by Fed. R. Civ. P. 26(a)(1) will be exchanged by **1/11/24** .

   ☐ The parties stipulate out of or object to mandatory initial disclosures.

3. <u>Brief Statement of the Nature and Complexity of the Case</u>.

   The case concerns the disclosure of intimate images.

   Plaintiff contends Defendant exploited his knowledge of Plaintiff and his possession of intimate images of Plaintiff and, without authorization or consent, (a) disseminated or displayed such images on Facebook and in emails to Plaintiff's employer, or (b) disclosed them to someone else who then disseminated or displayed such images on Facebook and in emails to Plaintiff's employer.

   Defendant denies these allegations.

   The underlying facts of the parties' dispute is not complex: there will be relatively few witnesses and documents needed to prove the case. Plaintiff contends that discovery may prove complex nonetheless, depending on the defenses Defendant may pursue, which could require the inspection and forensic imaging of Defendant's electronic device(s).

4. Case Management Track.

☐ The parties jointly request that this matter be assigned to the **Complex/Extended Track**. If this case management track is assigned, the discovery completion deadline would be **12-12-2008** and the dispositive motions deadline would be **12-12-2008**.

☐ The parties disagree as to the appropriate case management track.

☐ (Check if applicable and explain below.) Identify any anticipated conflicts (including personal or professional obligations, family or medical leave, or vacation that has been secured in advance) upon which any party or counsel would seek to have the discovery period extended by a reasonable period of not more than eight (8) weeks and/or the trial setting continued not more than one (1) complete motions/trial calendar cycle beyond that which otherwise would be justified based solely on the nature and complexity of the case:

2

5. <u>Discovery Plan.</u>  The parties jointly propose to the Court the following discovery deadlines and limitations.

   (a) *Deadline for motions* to join additional parties or otherwise amend the pleadings: **12-12-2008**.

   (b) *Discovery Limits*:
   1) Maximum of **[#]** interrogatories per **party**.
   2) Maximum of **[#]** requests for production per **party**.
   3) Maximum of **[#]** requests for admission per **party**.
   4) Maximum of **[#]** hours of oral deposition per **party**.

   (c) *Expert reports* from retained experts under Rule 26(a)(2) will be due:
   - from plaintiff(s) by **12-12-2008**;
   - from defendant(s) by **12-12-2008**;
   Supplementations under Rule 26(e) due **[list dates or time intervals]**      .

   (d) *Special Issues Regarding the Scope and Schedule of Discovery*.  (Note that in cases complex enough to warrant the bifurcation of discovery or other proceedings, the parties may propose separate phases of discovery, provided that the aggregate amount of time allocated to all phases of discovery does not exceed the total number of weeks permitted for discovery given the appropriate case management track.)

   **[Discuss whether discovery should be conducted in phases and/or limited to or focused on particular issues, etc.]**

   (e) *Objections*:

   **[Discuss any objections to or disagreement over the discovery deadlines and limitations indicated above.]**

6. Other Items.

   (a) Initial Pretrial Conference. The parties **do not request** a conference with the Court prior to the entry of a Case Management Order.

   (b) Alternative Dispute Resolution.
   Based upon preliminary discussions, settlement in this case **cannot yet be adequately evaluated**. The prospect of settlement may be enhanced by use of the following ADR procedure:
   - ☐ Mediated Settlement Conference
   - ☐ Judicial Settlement Conference
   - ☐ Binding Arbitration
   - ☐ Other: [Please Identify]

   The parties agree that the above-selected ADR procedure would be most useful if conducted:
   - ☐ Prior to further discovery.
   - ☐ After an initial round of preliminary discovery to be completed by 12-12-2008.
   - ☐ After the completion of discovery.

   (c) Trial Estimates. If this case is ultimately tried, trial is expected to take approximately **[length of time]**. This case will be tried **without** a jury.

   (e) Local Civil Rule 73.1(C) Certification.
   - ☐ The parties have discussed the issue of consent to the jurisdiction of a U.S. magistrate judge. <u>If unanimous consent is present, file an executed Joint Stipulation of Consent form (WDNC Form 34) contemporaneously with the CIAC or else the option to consent may be deemed waived as untimely.</u>

7. Please identify any other matters regarding discovery or case management which may require the Court's attention (e.g., concerns re: confidentiality, privilege, and electronically stored information):

_s_____         _s_____

*Attorney for Plaintiff(s):*                *Attorney for Plaintiff(s):*

_s_____         _s_____

*Attorney for Plaintiff(s)*                 *Attorney for Plaintiff(s):*

_s_____         _s_____

*Attorney for Plaintiff(s):*                *Attorney for Plaintiff(s):*

_s_____         _s_____

*Attorney for Plaintiff(s):*                *Attorney for Plaintiff(s):*

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document has been served by first class mail as follows:

>Fard Sultan
>801 S. Main Street, Apt. #220
>Mount Holly, NC 28210

This the 5th day of January, 2024.

>**/s/ L. Cooper Harrell**
>L. Cooper Harrell