UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-00667-FDW-DCK

| | |
|---|---|
| JANE DOE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FARD SULTAN, )<br>)<br>Defendant. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on the Parties' Joint Motion for Entry of Stipulated Permanent Injunction and Final Judgment, (Doc. No. 21). In the Motion, Plaintiff Jane Doe and Defendant Fard Sultan consent to and move this Court for entry of final judgment and a permanent injunction. This Motion represents, and the Court finds, the Parties have agreed to resolve this action under the terms set forth in the proposed permanent injunction. This Court approves, adopts, and incorporates herein the terms of the permanent injunction, as set forth below, GRANTS the Motion, (Doc. No. 21), and enters the following stipulated permanent injunction and final judgment.

### I. STIPULATED FACTS

1. All parties to this case hereby stipulate as to the following facts.

2. Plaintiff Jane Doe and Defendant Fard Sultan began dating in January 2023.

3. During their relationship, Jane Doe shared intimate images that she took of herself with Sultan. Sultan understood that Jane Doe never authorized him to share those images with anyone.

4. During their relationship, Sultan used his cellular phone to create a video of himself and Jane Doe engaging in sexual acts ("the Video").

5. Jane Doe never consented to the dissemination of the Video to others, public or otherwise. Sultan understood that Jane Doe never authorized him to share the Video with anyone.

6. After Jane Doe ended her relationship with Sultan, the Video (or a part of it) was posted to the public Facebook page of Jane Doe's sorority and included a "tag" that linked the Video expressly to Jane Doe.

7. The Video (or part of it) also was sent via email to Jane Doe's employer.

8. Sultan kept a copy of the Video on his phone and later produced it during this litigation.

9. Sultan was familiar with Jane Doe's sorority and knew the organization was important to her.

10. Sultan also knew where Jane Doe worked and the identity of her employer.

11. The Video was never stored anywhere other than Sultan's phone.

12. Sultan's phone is password protected and Sultan has never shared the password with anyone.

13. No one accessed the Video on Sultan's phone after its creation other than Sultan.

## II. STIPULATED CONCLUSIONS OF LAW

14. The Parties hereby stipulate as to the following conclusions of law.

15. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff brings claims under 15 U.S.C. § 6851.

16. The Court has jurisdiction over Sultan, and venue here is proper under 28 U.S.C. § 1391(b), because Sultan is subject to personal jurisdiction in this district and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Mecklenburg and Gaston Counties.

17. When the Video was disclosed on Facebook and sent to Jane Doe's employer, it was disclosed in or affecting interstate commerce or using a means or facility of interstate or foreign commerce in violation of 15 U.S.C. § 6851(b)(1)(A).

18. The intimate images Jane Doe sent Sultan and the Video qualify as "intimate visual depictions" within the meaning of 15 U.S.C. § 6851(a)(5).

19. The Video was disclosed or distributed with knowledge or in reckless disregard of the fact that Jane Doe never consented to its distribution.

20. The prior disclosure of the Video gives rise to a substantial risk of irreparable injury because if Sultan is permitted to retain copies of the Video and/or intimate images of Jane Doe, those materials may again be shared or distributed without Jane Doe's consent and this result in harm that will be difficult—if not impossible—to quantify.

### III. AGREED PERMANENT INJUNCTION

21. Accordingly, by agreement and consent of the Parties, their Joint Motion for Entry of Stipulated Permanent Injunction and Final Judgment, (Doc. No. 21), is GRANTED. It is hereby ORDERED, ADJUDGED, and DECREED, and Defendant is PERMANENTLY ENJOINED, as follows:

   a. Sultan is permanently enjoined from displaying, sharing, or otherwise disseminating the Video or any intimate images of Jane Doe;

   b. Sultan shall delete or otherwise destroy the Video, including any and all known copies of the Video, and shall delete or otherwise destroy any and all intimate images of Jane Doe that are in his possession, custody, or control; and

   c. Within 14 days of the date of the Court's Stipulated Permanent Injunction & Final Judgment, Sultan will file with the Court a statement certifying under penalty of perjury that he has complied with the Court's order and has deleted or otherwise destroyed the Video and all intimate images of Jane Doe, and any copies thereof, such that these materials are no longer in his possession, custody, or control.

**IT IS THEREFORE ORDERED** that, in accordance with the Parties' stipulated facts and conclusions of law, the Court GRANTS the Parties' Joint Motion for Entry of Stipulated Permanent Injunction and Final Judgment, (Doc. No. 21), and hereby enters final judgment in Jane Doe's favor. All relief not granted in this judgment is DENIED. This is a Final Judgment. Case to remain open until Defendant fulfills the obligations under Paragraph 21(c) of this Permanent Injunction.

**IT IS FURTHER ORDERED** that each side shall bear their own fees and costs.

**IT IS SO ORDERED.**

Signed: August 6, 2024

*Frank D. Whitney*
Frank D. Whitney
United States District Judge

CONSENTED TO:

    /s/ L. Cooper Harrell

L. Cooper Harrell
N.C. State Bar No. 27875
TURNING POINT LITIGATION
MULLINS DUNCAN HARRELL &
RUSSELL PLLC
300 North Greene Street, Suite 2000
Greensboro, NC 27401
Telephone: 336-645-3320 Facsimile: 336-645-3330
charrell@mullinsduncan.com

OF COUNSEL:
Joshua J. Bennett
CARTER ARNETT PLLC
8150 N. Central Expy, Ste. 500 Dallas, TX 75206
Telephone: 214-550-2112
Attorneys for Plaintiff

Fard Sultan
801 S. Main Street, Apt. 220 Mount Holly, NC 28120 Telephone: 216-302-5009
fardsultan@gmail.com
Pro se Defendant